THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>JEFFREY STEPHENS, *et al.*,<br><br>                Defendants. | CASE NO. CR21-0129-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion for a protective order (Dkt. No. 44). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS in part and DENIES in part the motion and ORDERS the parties to comply with the following protective order.

**A.      Note-Taking Prohibitions**

The Government moves for a standard protective order but would add prohibitions on the Defendants' abilities to take and retain notes on the protected discovery. (Dkt. No. 44-1 at 2–3.) Defendant Stephens objects to the extent the proposed order precludes in-custody defendants from taking any notes on the protected discovery. (Dkt. No. 45.) Similarly, Defendant Conry objects to the extent it prohibits defendants on pretrial release from retaining any notes taken while reviewing the protected discovery. (Dkt. No. 46.) The parties stipulate to the remainder of

the order.[1] (*See* Dkt. Nos. 44, 45, 46.)

"[T]he court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The party seeking a protective order bears the burden of showing that there is good cause for the Court to issue the order. *Id.* "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1986) (internal quotations omitted).

The Government argues the additional note-taking prohibitions are necessary to ensure witness safety and prevent destruction of evidence. (Dkt. No. 47 at 3–4.) In support, the Government cites Defendants' prior statements indicating both a willingness to use violence and contempt for the Government generally. (*Id.*)

Additionally, the Government argues the request is not unprecedented because a similar note-taking prohibition was granted in another case, *U.S. v. Calvert-Majors*. (*Id.* at 2 (citing CR21-0053-RSM, Dkt. No. 51 (W.D. Wash. 2021).) But *Calvert-Majors* is distinguishable because there, as with other cases in this District granting such note-taking prohibitions, the defendants stipulated to the prohibition. *See, e.g., Calvert-Majors*, CR21-0053-RSM, Dkt. No. 51 (W.D. Wash. 2021); *Payan-Cruz*, CR18-0278-JCC, Dkt. No. 41 (W.D. Wash. 2019). Here, Defendants have not stipulated to these terms. (*See generally*, Dkt. Nos. 45, 46.)

The terms of this protective order prohibit Defendants from disseminating the protected discovery materials. Defendants also remain subject to the laws and rules against witness tampering and destruction of evidence. The Government's broad allegations related to destruction of evidence and witness safety fail to establish good cause to deny Defendants the ability to take notes on the evidence against them. Absent particularized concerns about

---

[1] The Court need only make a good cause finding for the portions of the protective order not stipulated. *See In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). Accordingly, the disputed note-taking prohibitions are the only provisions the Court will analyze.

Defendants' conduct in this case, additional note-taking prohibitions are not warranted at this time.

**B.  Protective Order**

**Protected Material.**  For purposes of this Order, "Protected Material" shall include (1) grand jury testimony; (2) witness statements; (3) tax information; (4) financial information; (5) subscriber information (including phone and utility subscriber information for uncharged individuals); (6) identifying information regarding undercover agents used in the course of the investigation, including audio, video, photographic, and written recordings of these agents; (7) other personal identifying information ("PII")[2] obtained during the investigation, including but not limited to personal information about defendants and third parties (such as photographs, including sexually suggestive photographs, and photographs, identifying information, and contact information for family members, other defendants, and/or witnesses); and (8) other sensitive information obtained from the search of social media, cellular telephones, and other digital devices seized during the investigation.

Materials believed by the Government to be Protected Material will be so designated by the Government.

**Production of Protected Material to the Defense.**  The United States will produce discovery, including Protected Material, to counsel for each defendant. Possession of copies of the Protected Materials is limited to attorneys of record and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as

---

[2] "PII" includes, but is not necessarily limited to, the information identified in Federal Rule of Criminal Procedure 49.1(a) and includes full names, dates of birth, Social Security numbers (or other identification information), financial account information (including account numbers), tax information, driver's license numbers, addresses, telephone numbers, locations of residences or employment, medical records, school records, juvenile criminal records, and other confidential information. The Government has endeavored to redact PII as appropriate, but the parties acknowledge and agree that this will not always be possible, and that in some instances un-redacted PII may be necessary to either the prosecution or the defense, or both.

ORDER
CR21-0129-JCC
PAGE - 3

"members of the defense team"). The attorneys of record are required, prior to disseminating any copies of the Protected Materials to their staff or any other members of the defense team, to provide a copy of this Protective Order to every staff member and member of the defense team and ensure that members of the defense team are aware of the terms of this Protective Order.

**Review of Protected Material by Defendants.**  The attorneys of record and members of each defendant's defense team may share and review the Protected Material with their respective defendant. Defendants who are residing at the Federal Detention Center (FDC) will be permitted to review the Protected Material, consistent with the regulations established by the BOP, with or without their respective counsel, in a controlled environment at the Federal Detention Center (FDC), but will be prohibited from printing out, copying, or disseminating the discovery. Defendants who are on pretrial release will be permitted to review the Protected Material at the offices of their counsel, but will be prohibited from printing out, copying, or disseminating the discovery.

**Limits on Dissemination of Protected Materials.**  The attorneys of record and members of the defense team are prohibited from duplicating or providing copies of the Protected Material to other persons, including to any defendant, unless the personal or financial information contained therein belongs specifically and solely to the defendant receiving the material (*e.g.*, a defendant may be provided with the download of his own cellular phone). This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, witnesses, and the Court and defense counsel as necessary to comply with the Government's discovery obligations and to investigate and prosecute the case.

**Future Production of Additional Protected Materials.**  Additional types of discovery items may be deemed by the parties to constitute Protected Material upon agreement or (if no agreement can be reached) by further order of the Court.

**No Waiver.**  Nothing in this order should be construed as imposing any substantive discovery obligations on the Government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

**Use of Protected Material in Court.**  Any Protected Material that is filed with the Court in connection with pretrial motions, trial, or other matter before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

**Non-Termination.**  The provisions of this Order shall not terminate at the conclusion of this prosecution. Furthermore, at the close of this case, defense counsel shall return the Protected Material, including all copies of the Protected Material, to the office of the United States Attorney, or otherwise certify that the material has been destroyed.

**Violation of Order.**  Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

**Modification of Order.**  Nothing in this Stipulation shall prevent any party from seeking modification of this Protective Order or from objecting to the improper designation of discovery as Protected Material. In either event, counsel shall first confer with the Government to attempt to resolve the issue. If the parties are unable to resolve the dispute, counsel may raise the issue with the Court by way of a motion.

**Agreement to Provide Copies of Protected Material to Defendants.** Upon agreement of counsel for the Government, members of a defense team may provide copies of specific Protected Material, or redacted versions of such material, to a defendant. When seeking the Government's agreement to give such a copy to a defendant, members of the defense team will

identify with reasonable particularity, including (where available) the specific Bates-numbered pages and or recording descriptions, the specific material defense counsel proposes to give to the defendant. Unless expressly stated otherwise by the government, copies of Protected Material to be provided to the Defendants will continue to be Protected Material subject to all of the protections of the Court's Order, with the sole exception that a copy can be given only to the Defendants (and not shared with anyone else outside the defense team). If Government counsel and defense counsel cannot reach agreement on whether particular portions of the Protected Material or redacted versions of Protected Material should be given to the Defendants under these conditions, defense counsel may raise the issue with the Court by way of a motion.

**No Ruling on Discoverability or Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

**No Ruling on Timing of Production.** This Protective Order does not require the Government to provide particular discovery at a time or in a fashion inconsistent with applicable law.

**Addition of Defendants after Entry of Order.** This Protective Order applies to any additional defendants later charged in this case.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this 30th day of November 2021.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR21-0129-JCC
PAGE - 6