THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   UNITED STATES OF AMERICA,

10              Plaintiff,

11        v.

12   JEFFREY STEPHENS,

13              Defendant.

14

CASE NO. CR21-0129-JCC-1

ORDER

15        This matter comes before the Court on Defendant's Motion for Review and Revocation

16   of his Detention Order (Dkt. No. 68). Having reviewed the pleadings and the relevant record, the

17   Court finds oral argument unnecessary and hereby DENIES Defendant's motion.

18   **I.       BACKGROUND**

19        Defendant was originally indicted on August 11, 2021 for Conspiracy to Distribute

20   Controlled Substances (Count 1) and Laundering of Monetary Instruments (Counts 2–7). (Dkt.

21   Nos. 1, 31.) At the arraignment, the Government moved for pretrial detention, citing Defendant's

22   risk of nonappearance and the danger he presented to the community. (Dkt. No. 10 at 2.) On

23   September 13, 2021, the Honorable Mary A. Theiler, United States Magistrate Judge, granted the

24   Government's detention motion, after a contested hearing. (Dkt. Nos. 20, 21.) Judge Theiler

25   concluded that Defendant failed to overcome the rebuttable presumption that no combination of

26   conditions would reasonably assure community safety, given probable cause that Defendant

ORDER
CR21-0129-JCC-1
PAGE - 1

1   committed a drug offense with a maximum sentence of ten years or more. (Dkt. No. 21 at 1–2.)

2   Relevant factors in Judge Theiler's decision included the nature of the offense, the allegation that

3   Defendant laundered more than $1,000,000, Defendant's oversees connections, a limited history

4   of legitimate employment, and his alleged possession of unregistered weapons and firearms. (*Id.*)

5          On August 2, 2022, Defendant filed a motion for pretrial release, or in the alternative, to

6   reopen his detention hearing. (Dkt. No. 57.) He argued that new evidence justified his release.

7   (*Id.*) The Government contested the motion, which this Court referred to the Honorable Brian A.

8   Tsuchida, United States Magistrate Judge. (Dkt. Nos. 62, 63.) On September 6, 2022, Judge

9   Tsuchida denied both Defendant's request for pretrial release and the request to reopen the

10  detention hearing on the grounds that the request was "largely based on information that

11  [Defendant] knew about at the time of the detention hearing, and arguments that he has already

12  raised." (Dkt. No. 67 at 5.) Defendant filed the present motion for review and revocation of

13  Judge Tsuchida's and Judge Theiler's orders. (*See generally* Dkt. No. 68.)

14  **II.      DISCUSSION**

15          **A.      Standard of Review**

16          18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate

17  judge . . . the person may file, with the court having original jurisdiction over the offense, a

18  motion for revocation or amendment of the order." *United States v. Koenig*, 912 F.2d 1190,

19  1192–93 (9th Cir. 1990). The Court reviews a magistrate judge's order detaining a defendant

20  before trial *de novo*. *Id.* at 1193. Thus, the Court makes its own factual findings and reaches an

21  independent conclusion about whether the defendant should be detained, without deference to

22  the magistrate judge's decision. *Id.*

23          **B.      Detention Order**

24          Where, as here, there is probable cause to believe that the Defendant has committed an

25  offense for which a maximum term of imprisonment of ten years or more is prescribed, there is a

26  rebuttable presumption that "no condition or combination of conditions will reasonably assure

1  the appearance of the person as required and the safety of the community." *United States v. Hir*,

2  517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(e)). Although the presumption

3  shifts the burden of production to Defendant, the burden of persuasion remains with the

4  Government. *See United States v. Rodriguez,* 950 F.2d 85, 88 (2d Cir. 1991). Moreover, a

5  finding that Defendant is a danger to any other person or the community must ordinarily be

6  supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). Whereas the

7  Government may demonstrate a risk of flight by a preponderance of the evidence. *See United*

8  *States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019).

9       Defendant presents limited evidence regarding his risk of nonappearance. Namely, an

10  executed surety agreement. (Dkt. No. 68 at 10.) And a job offer. (Dkt. No. 57-3 at 2.) These do

11  not fully address Defendant's risk of nonappearance, as they do not represent an individual cost

12  and deterrent to Defendant's non-appearance. Moreover, Defendant is a technically savvy actor

13  with connections to foreign drug suppliers, and he has been recorded stating his desire to flee the

14  country. (Dkt. 57-7 at 4.) Defendant does not provide evidence to rebut those concerns.

15       Perhaps most importantly, Defendant does not address at all the danger that Judge Theiler

16  found he poses to the community. (*See generally* Dkt. No. 21.) This failure is conspicuous, given

17  (a) the rebuttable presumption presented by Count 1 of the Indictment regarding this risk; (b) the

18  multiple firearms and thousands of rounds of ammunition recovered from Defendant's car and

19  house; and (c) the violent statements Defendant was recorded saying to the undercover agent.

20  (Dkt. Nos. 1 at 3–4, 69 at 11–12.) Although the Government concedes that Defendant assisted

21  them in locating some missing firearms, (Dkt. No. 69 at 7–8), the fact that one ceases a violent

22  course when faced with law enforcement does little to demonstrate a lack of danger to the

23  community were law enforcement absent.

24       For the reasons described above, the Court FINDS that no condition or combination of

25  conditions will reasonably assure Defendant's appearance and the safety of the community.

26

1      **C.      Reopen Detention Hearing**

2          A detention hearing may be reopened if information that was not known to the defendant

3  at the time of the hearing is now known and has a material bearing on whether the Court can

4  craft conditions for release to reasonably assure the defendant's appearance and the safety of any

5  other person and the community. 18 U.S.C. § 3142(f).

6          The allegedly new facts Defendant relies upon are as follows: the Government located

7  missing firearms that were referenced in the initial detention hearing. (Dkt. No. 68 at 10.) The

8  Government also produced an investigation report related to ammunition found in Defendant's

9  home. (*Id*). Further, the Government produced transcripts of Defendant's conversations with an

10 undercover law enforcement agent. (*Id*). In addition, Defendant provided an executed surety

11 agreement. (*Id*. at 10–11.) And finally, Defendant provides evidence that he has an outstanding

12 job offer upon release. (Dkt. No. 57-3 at 2.)

13         The Government asserts that this information does not warrant a new hearing because it

14 was generally known to Defendant at the time of his detention hearing and/or is not material to

15 his release conditions. (*See generally* Dkt. No. 69.) This is consistent with Judge Tsuchida's

16 findings, and the Court agrees with this conclusion. The location of the guns and ammunition

17 were known to Defendant at the time of the initial detention hearing, so the fact that they were

18 later seized cannot and should not justify reopening the hearing. Regarding Defendant's executed

19 surety agreement, at the initial detention hearing, Defense counsel argued that Defendant's

20 "mother has a home in northeast Seattle" and mentioned that she'd be willing to execute a surety

21 agreement on the house. (Dkt. No. 57-1 at 15.) Judge Theiler explicitly replied that even with the

22 surety agreement, she did not think that would prevent Defendant from fleeing. (*Id*.) The job

23 offer is the only remotely new piece of evidence, but it does not justify reopening a detention

24 hearing on its own given that Defendant's employment history and ability to find meaningful

25 employment was considered at the initial hearing. (*Id*.)

26         In short, Defendant attempts to rehash old arguments without providing new material

ORDER
CR21-0129-JCC-1
PAGE - 4

1   facts for consideration in establishing conditions of release. *See* 18 U.S.C. § 3142(g). Therefore,

2   the Court FINDS there is no basis to reopen the detention hearing.

3   **III.    CONCLUSION**

4         For the foregoing reasons, the Court DENIES Defendant's motion. (Dkt. No. 68.)

5

6         DATED this 5th day of October 2022.

7

8

9         _____

10        John C. Coughenour
          UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
CR21-0129-JCC-1
PAGE - 5