FILED

DEC 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JEFFREY STEPHENS, <br><br> Defendant-Appellant. | No. 22-30171 <br><br> D.C. No. 2:21-cr-00129-JCC-1 <br> Western District of Washington, Seattle <br><br> ORDER |

Before: TASHIMA, S.R. THOMAS, and CLIFTON, Circuit Judges.

This is an appeal from the district court's pretrial detention order and order denying appellant's motion to reopen the detention hearing. We have jurisdiction pursuant to 18 U.S.C. § 3145(c) and 28 U.S.C. § 1291.

The motions to file oversized pleadings (Docket Entry Nos. 4, 10, 12) are granted. The motion for an extension of time to file the reply (Docket Entry No. 11) is also granted.

We review the district court's factual findings concerning risk of flight and the danger that appellant poses to the community under a "deferential, clearly erroneous standard." *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990)). The conclusions based on such factual findings, however, present a mixed question of fact and law. *Hir*, 517 F.3d at 1086. Thus, "the question of whether the district

at/MOATT

court's factual determinations justify the pretrial detention order is reviewed de novo." *Id*. at 1086-87 (citations omitted).

The district court correctly found that the government has met its burden of showing, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure . . . the safety of . . . the community," 18 U.S.C. § 3142(e), and that appellant therefore poses a danger to the community. *See Hir*, 517 F.3d at 1094. The district court also correctly found that the government has met its burden of showing, by a preponderance of the evidence, that "no condition or combination of conditions will reasonably assure the [defendant's] appearance," 18 U.S.C. § 3142(e), and that appellant therefore poses a risk of flight. *See United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). We therefore affirm the district court's pretrial detention order.

The district court did not abuse its discretion in denying appellant's motion to reopen. *See United States v. Strong*, 489 F.3d 1055, 1060 (9th Cir. 2007) (recognizing a district court's "discretion to reopen the detention hearing"). The district court correctly determined that appellant had failed to present new information that was both unknown to appellant at the time of the detention hearing and material to the issue of whether there are conditions of release that will reasonably assure appellant's appearance and the safety of the community. *See* 18

U.S.C. § 3142(f). We therefore affirm the district court's order denying appellant's motion to reopen the detention hearing.

**AFFIRMED.**