THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JEFFREY STEPHENS,<br><br>    Defendant. | CASE NO. CR21-0129-JCC-1<br><br>ORDER |

  This matter comes before the Court on Defendant's motion to compel discovery (Dkt. No. 82). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

  During the investigatory stage of this case, undercover agents ("UC") recorded conversations with Defendant that are undisputedly a central component of the Government's case. (Dkt. No. 87 at 3.) The Government provided Defendant with copies of these audio recordings. (*Id*. at 4.) However, Defendant asserts that "for at least two meetings with the UC, the … recordings omit a conversation for which he has a specific recollection." (Dkt. No. 82 at 4.) Therefore, Defendant would like to have his expert make a sample recording directly from the recording device. (*Id*.) In response, the Government argues that Defendant has failed to make the required *prima facia* showing of materiality for this request. (Dkt. No. 87 at 5.)

1       Upon a defendant's request, the Government must provide access to items that are "material to preparing [a] defense." Fed. R. Crim. P. 16(a)(1)(E)(i); *see also* W.D. Wash. Local Crim. R. 16(a)(2). Information is material if it is helpful to a defendant in preparing a defense. *United States v. Santiago*, 46 F.3d 885, 893 (9th Cir. 1995). If a party fails to provide material information, the Court may compel a party to comply with the rules of discovery. Fed. R. Crim. P. 16(d)(2); *see also* W.D. Wash. Local Crim. R. 16(e).

      Defendant's request relies on a proffer that the audio files are missing conversations he distinctly recalls. (Dkt. No. 93 at 5.) Defendant's proffer satisfies the low threshold for materiality. *See United States v. Soto-Zuniga*, 837 F.3d 992, 1003 (9th Cir. 2016). In granting this motion, the Court does not lend credence to the claim that the Government may have altered evidence. Rather, the Court merely comports with Defendant's basic constitutional right to directly examine the electronic evidence that is leveled against them. *See United States v. Budziak*, 697 F.3d 1105 (9th Cir. 2012); *United States v. Rosenberg*, 299 F. Supp. 1241, 1246 (S.D.N.Y. 1969); *United States v. Dioguardi*, 428 F.2d 1033, 1038 (2d Cir. 1970). The Government's concerns regarding the handling of sensitive technology used by law enforcement officers can be assuaged by the conditions agreed upon by Defendant. (Dkt. No. 93 at 8.)

      Accordingly, Defendant's motion to compel (Dkt. No. 82) is GRANTED subject to the conditions outlined in the reply brief. (Dkt. No. 93 at 8–9.)

      DATED this 23rd day of March 2023.

                                                                           John C. Coughenour
                                                                          UNITED STATES DISTRICT JUDGE