THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JEFFREY STEPHENS,<br><br>　　　　　　Defendant. | CASE NO. CR21-0129-JCC-1<br><br>ORDER |

This matter comes before the Court on the United States' Motion for Order of Forfeiture ("Motion") (Dkt. No. 108) seeking to forfeit, to the United States, Defendant Jeffrey Stephens' interest in the following property:

- A sum of money in the amount of $1,205,625, representing the remaining proceeds Defendant personally obtained from the Conspiracy to Distribute Controlled Substances offense charged in Count 1 of the Superseding Indictment.

The Court, having reviewed the United States' Motion, as well as the other pleadings and papers filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate for the following reasons:

- The proceeds of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846, are forfeitable pursuant to 21 U.S.C. § 853;

- In Defendant's Plea Agreement, Defendant agreed to forfeit, pursuant to 21 U.S.C. § 853, the proceeds he obtained from committing the offense of Conspiracy to Distribute Controlled Substances, to which Defendant pleaded guilty (Dkt. No. 104 at 15);
- Defendant admitted that he obtained more than $1,212,215 in cash proceeds from committing this offense, of which approximately $1,205,625 was not recovered (Dkt. No. 104 at 11);
- In Defendant's Plea Agreement, Defendant agreed to forfeit, pursuant to 21 U.S.C. § 853, his interest in a sum of money in the amount of $1,205,625, representing the unrecovered proceeds that Defendant personally obtained from the Conspiracy to Distribute Controlled Substances (Dkt. No. 104 at 16);
- The forfeiture of the sum of money in the amount of $1,205,625 is separate and distinct from the restitution ordered in this case; and
- The forfeiture of this sum of money is personal to Defendant Stephens and, pursuant to Federal Rule of Criminal Procedure 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1. Pursuant to 21 U.S.C. § 853, and Defendant's Plea Agreement, Defendant Stephens' interest in a sum of money in the amount of $1,205,625 is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this Order will become final as to the Defendant Stephens at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3. No right, title, or interest in the identified sum of money exists in any party other than the United States;

4. Pursuant to Federal Rule of Criminal Procedure 32.2(e), in order to satisfy this Order forfeiting the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed $1,205,625; and

5. The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

DATED this 27th day of September 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE